UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MIGUEL RIOS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ORTIZ, MORENO, MOYA, and NECOCHEA,<br><br>　　　　　Defendants. | Case No.  1:23-cv-01595-HBK (PC)<br><br>ORDER NOTING VOLUNTARY DISMISSAL UNDER FED. R. CIV. P. 41(a)(1)(A)(i) OF CERTAIN DEFENDANTS AND CLAIMS<br><br>ORDER DIRECTING CLERK TO REVISE DOCKET TO REFLECT ONLY NAMED DEFENDANT ORTIZ<br><br>(Doc. No.  6) |

Plaintiff Jose Miguel Rios, a pretrial detainee, is proceeding pro se and *in forma pauperis* in this action filed under 42 U.S.C. § 1983.  On February 9, 2024, this Court issued a screening order on Plaintiff's Complaint.  (Doc. No. 5).  As discussed in the screening order, the Complaint states a cognizable Fourteenth Amendment excessive use of force claim against Defendant Ortiz but no other claim.  (*Id*. at 1).  Specifically, the Court found Plaintiff's Fourteenth Amendment failure to protect claim against Ortiz failed to state a claim, and the First Amendment retaliation claims against Defendants Moreno, Moya and Necochea were misjoined.  (*Id*. at 9).  The Screening Order afforded Plaintiff the opportunity to (1) file an amended complaint; (2) file a notice under Rule 41 that he is willing to proceed only on the claims the court found cognizable in its screening order; or (3) stand on his Complaint subject to the undersigned issuing Findings

and Recommendations to dismiss the defendants and claims not cognizable. (*Id*. at 9-10). On March 21, 2024, Plaintiff filed a Notice dated March 12, 2024, signed to under penalty of perjury, stating that he wishes to "proceed only on the claim deemed cognizable, Fourteenth Amendment excessive use of force against Defendant Ortiz, thereby voluntarily dismissing Defendants Moya, Moreno, and Necochea and the unrelated claims the Court deemed not properly joined or cognizable." (Doc. No. 6 at 1).

Plaintiff may voluntarily dismiss any defendant or claim without a court order by filing a notice of dismissal before the opposing party answers the complaint or moves for summary judgment. Fed. R. Civ. P. 41 (a)(1)(A)(i). Here, no party has answered or moved for summary judgment. (*See* docket). Further, the Ninth Circuit recognizes a party has an absolute right prior to an answer or motion for summary judgment to dismiss fewer than all named defendants or claims without a court order. *Pedrina v. Chun*, 987 F.2d 608, 609-10 (9th Cir. 1993). And Plaintiff may properly dismiss certain claim against a Defendant under Federal Rule of Civil Procedure 15(a). *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 687 (9th Cir. 2005) (Rule 15(a) "is appropriate mechanism" when party is eliminating an issue or one or more claims but not completely dismissing a defendant). In accordance with Plaintiff's notice, Defendants Moya, Moreno, and Necochea are dismissed without prejudice by operation of law and Plaintiff's Fourteenth Amendment failure to protect claim against Ortiz is dismissed. Fed. R. Civ. P. 41(a)(1)(A)(i); Fed. R. Civ. P. 15(a). Plaintiff's Complaint will proceed on Plaintiff's Fourteenth Amendment claim against Defendant Ortiz for excessive use of force. (*See* Doc. Nos. 1, 5). The Court will direct service of process on Defendant Ortiz by separate order.

Accordingly, it is **ORDERED**:

The Clerk of Court shall correct the docket to reflect Plaintiff's notice of voluntary dismissal under Rule 41(a)(1) of Defendants Moya, Moreno, and Necochea.

Dated:  March 22, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

2