UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE RIOS,<br><br>        Plaintiff,<br><br>    v.<br><br>ORTIZ,<br><br>        Defendant. | Case No. 1:23-cv-01595-HBK (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION<br><br>(Doc. No. 9) |

      Pending before the Court is Plaintiff's pleading titled "Motion Requesting Court Order on the Fresno County, Jail for Access to Courts," filed April 4, 2024.  (Doc. No. 9, "Motion"). Plaintiff requests "the court to order the Fresno County Jail to allow Plaintiff access to courts, particularly access to the law library.  Access to Courts is solidified in the First Amendment; . . ." (*Id*. at 1).

      Plaintiff as a prisoner has a constitutionally protected right of access to courts guaranteed by the Fourteenth Amendment. *Bounds v. Smith,* 430 U.S. 817, 821 (1977).  Implicit within this right of access to courts is the prisoner's right to have access to adequate law libraries or legal assistance from trained individuals.  "[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries *or* adequate assistance from persons trained in the law." *Id.* at 828 (emphasis added) (footnote omitted).  Precedent "does not

dictate a minimum number of hours or any other requirement for satisfying the right of access" to a law library. *Witkin v. Swarthout*, 2013 WL 6054451, at *2 (E.D. Cal. Nov. 15, 2013). Because there is no established minimum requirement for satisfying the access requirement; "a reviewing court should focus on whether the individual plaintiff before it has been denied meaningful access." *Sands v. Lewis,* 886 F.2d 1166, 1169 (9th Cir.1989) (overruled on other grounds by *Lewis v. Casey*, 518 U.S. 343, 350 (1996)). To establish a First Amendment claim based on denial of access to the law library, an inmate must demonstrate an actual injury. *Vandelft v. Moses*, 31 F.3d 794, 797 (9th Cir. 1994).

Here, Plaintiff alleges no facts describing how the restrictions on his access to the law library at Fresno County Jail is impeding him in advancing the instant claim. Indeed, a review of the docket reveals that service has not yet been effectuated in this matter and Plaintiff is not under any court-ordered deadline.

Accordingly, it is **ORDERED:**

Plaintiff's Motion (Doc. No. 9) is DENIED.

Dated:   April 8, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

2