UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MIGUEL RIOS,<br><br>        Plaintiff,<br><br>   v.<br><br>ORTIZ,<br><br>        Defendant. | Case No. 1:23-cv-01595-HBK (PC)<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR EXTENSION OF TIME<br><br>(Doc. No. 37) |

    Pending before the court is Defendant's Motion to Extend the Case Management Scheduling Order and accompanying Declaration of counsel, Michael R. Linden, filed in support on December 22, 2025. (Doc. Nos. 37, 38). Due to defense counsel suffering a medical emergency, Defendant requests extensions to certain deadlines set forth in the December 10, 2024 Case Management Scheduling Order (CMSO). Defendant explains that, after Plaintiff failed to appear for his deposition set on September 8, 2025, counsel was attempting to meet and confer with Plaintiff about his failure to appear before filing a motion to compel when he suffered a medical emergency.

    Federal Rule of Civil Procedure 16(b)(4) permits a court to modify a scheduling order for good cause shown and with the judge's consent. Good cause requires less than manifest injustice but a focus on the diligence of the moving party and that party's reasons for seeking modification are the court's focus in determining whether to permit an enlargement of time. *Stoddart v.*

*Express Services*, 2017 WL 3333994 *1-*2 (E.D. Ca. August 4, 2017) (other citations omitted). The Court finds good cause to grant Defendant's Motion.

As an aside, the Court takes judicial notice that mail sent by the Clerk to Plaintiff on October 23, 2025, and November 25, 2025 was returned to the Clerk as undeliverable on November 24, 2025, and December 16, 2025, respectively. (*See* docket). This Court apprised Plaintiff that its Local Rules require pro se litigants to keep the Court and opposing parties apprised of their current address. Local rule 182(f). The Court further warned Plaintiff that consistent with Local Rule 183(b):

> If mail directed to a pro se plaintiff at the address of record is returned by the United States Postal Service as undeliverable, the order will not be re−served a second time absent a notice of change of address. If a pro se plaintiff's address is not updated within sixty−three (63) days[1] of mail being returned as undeliverable, the case will be dismissed for failure to prosecute.

*See* First Informational Order issued November 13, 2023. (Doc. No. 2 at 5, VII. A, B).

It is unclear whether pro se Plaintiff has kept Defendant apprised of his current address. Although the CMSO requires the Parties to meet and confer to resolve any discovery disputes prior to filing a discovery motion, the inability to locate Plaintiff would constitute good cause to excuse Defendant from fulfilling the meet and confer requirement. Further, Rule 37(d) provides that a party who fails to attend his deposition may be subject to a broad range of sanctions, including dismissal of an action. *See* Fed. R. Civ. P. 37(d)(1)(A) (the court may on a motion issue sanctions against a party for failure to appear for their deposition); Fed. R. Civ. P. 37(d)(3) (sanctions may include any orders listed in Fed. R. Civ. P. 37(b)(2)(A)(i)-(iv)); Fed. R. Civ. P. 37(b)(2)(A)(i)-(iv) (listing dismissal of the action in whole, among other things, as possible sanctions). Additionally, in the CMSO, in authorizing Plaintiff's deposition, the Court warned "[t]he failure of Plaintiff to attend, be sworn, or answer appropriate questions may result in sanctions, including terminating the action as provided in Fed. R. Civ. P. 37." (Doc. No. 28 at 3:15-16).

---

[1] Effective January 1, 2025, Local Rule 183(b) was shortened to thirty (30) days. *See* E.D. Local Rule 183(b) (January 1, 2025).

The Court thus cautions Plaintiff that his failure to appear for a deposition may be grounds for sanctions, including dismissal of this action. *Hilao v. Estate of Marcos*, 103 F.3d 762, 764-65 (9th Cir. 1996) (a party's failure to appear for their deposition may subject them to sanctions); *Rabb v. Figueroa*, No. 1:23-CV-00843-JLT-SAB (PC), 2025 WL 47937, at *6 (E.D. Cal. Jan. 8, 2025), *report and recommendation adopted,* No. 1:23-CV-00843-JLT-SAB (PC), 2025 WL 473633 (E.D. Cal. Feb. 12, 2025) (dismissing action for plaintiff's failure to appear for depositions address); *Lucero v. Pennella*, No. 118CV01448NONESAB, 2020 WL 6798059, at *6 (E.D. Cal. Nov. 19, 2020), *report and recommendation adopted,* No. 118CV01448NONESAB, 2021 WL 24708 (E.D. Cal. Jan. 4, 2021) (dismissing action for plaintiff's failure to appear for deposition and failure to provide the court with an updated address).

Accordingly, it is hereby **ORDERED**:

1. Defendant's Motion for Extension of Time (Doc. No. 37) is GRANTED.
2. The following modified dates shall govern the management of this action:
    a. The deadline for nonexpert discovery is extended to May 1, 2026;
    b. The deadline to advise the Court of settlement is extended to June 1, 2026;
    c. The deadline to file pre-trial dispositive motions is extended to August 3, 2026.
3. The previous deadlines and procedures set forth in the December 10, 2024 Case Management Scheduling Order (Doc. No. 28) otherwise will govern this action.
4. Plaintiff shall file a notice of change of address no later than January 27, 2026.[2] Plaintiff's failure to do so will result in a dismissal of this action without prejudice or further warning consistent with Local Rule 183(b).

Dated:    December 31, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court will afford Plaintiff the benefit of the sixty-three (63) day deadline set forth in its First Informational Order, as opposed to the current thirty (30) day deadline.