UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MIGUEL RIOS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>ORITZ,<br><br>　　　　　Defendant. | Case No.  1:23-cv-01595-HBK<br><br>ORDER DISMISSING ACTION WITHOUT PREJUDICE[1] |

Plaintiff Jose Miguel Rios proceeds pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  For the reasons set forth below, the Court dismisses this action without prejudice consistent with the Court's Local Rules for Plaintiff's failure to prosecute this action. Specifically, Plaintiff has failed to keep the Court apprised of a current address.

BACKGROUND

On October 23, 2025, November 26, 2025, and December 31, 2025, Orders from the Court that were mailed to Plaintiff were returned as undeliverable on November 24, 2025, December 16, 2025, and January 20, 2026, respectively.  (*See* docket).  As of the date of this Order, Plaintiff has not filed a notice of change of address.

////

---

[1] Both parties consented to magistrate jurisdiction under 28 U.S.C. § 636(c)(1).  (Doc. 22).

APPLICABLE LAW AND ANALYSIS

This Court's Local Rules obligate a pro se party to keep the Court informed of his/her current address.  Specifically:

> A party appearing *in propria persona s*hall keep the Court and opposing parties advised as to his or her current address.  If mail directed to a plaintiff *in propria persona* by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days[2] thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

E.D. Cal. Local Rule 183(b); *see also* Local Rule 182(f) (all parties are "under a continuing duty" to notify the clerk of "any change of address.").  Plaintiff was notified of his obligation to keep the Court informed of his address and advised that the Court would dismiss an action without prejudice if Plaintiff did not update his address within sixty-three (63) days.  *See* Informational Order issued November 13, 2023.  (Doc. 3 at 5, VII. A, B).

Precedent supports dismissal of a case where a litigant does not keep the court informed of his address.  *Carey v. King*, 856 F.2d 1439 (9th Cir. 1988) (affirming lower court and finding no abuse of discretion when district court dismissed case without prejudice after pro se plaintiff did not comply with local rule requiring pro se plaintiffs keep court apprised of addresses at all times); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal proper for failure to prosecute and comply with local rules of court); *Hanley v. Opinski*, 2018 WL 3388510 (E.D. Ca. July 10, 2018) (dismissing action for failure to prosecute and to provide court with current address); *Davis v. Kern Valley State Prison*, No. 1:22-CV-1489-JLT-EPG (PC), 2023 WL 2992980, at *1, fn 1 (E.D. Cal. Apr. 18, 2023).

Plaintiff's notice of change of address was due no later than January 27, 2026.[3]  As of the date of this Order. Plaintiff has not filed a notice of change of address and more than sixty-three (63) days have passed since the Court's October 23, 2025 Minute Order was returned as undeliverable.

---

[2] Effective January 1, 2025, Local Rule 183(b) was shortened to thirty (30) days.  *See* E.D. Local Rule 183(b) (January 1, 2025).

[3] The Court affords Plaintiff the benefit of the sixty-three (63) day deadline set forth in its First Informational Order, as opposed to the current thirty (30) day deadline.

Accordingly, it is **ORDERED**:

1.  This action is **DISMISSED** without prejudice pursuant to Local Rule 183(b) for Plaintiff's failure to prosecute this action.

2.  The Clerk is directed to CLOSE this case.

Dated:     February 4, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3